UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GEORGE SPENCER,

              Petitioner,

vs.                                                     Case No. 3:07-cv-561-J-32HTS

Elaine L. Chao, Secretary,
U.S. DEPARTMENT OF LABOR,

              Respondent.

## ORDER

This case is before the Court on threshold legal issues related to Petitioner's Complaint for Declaratory Judgment (Doc. 1). The Court has received briefing (Docs. 9, 24, 26) and, on July 25, 2008, held a hearing, the record of which is incorporated by reference.

On January 23, 2004, before Judge Michael Weatherby in the Fourth Judicial Circuit Court, Duval County, Florida, Petitioner entered a plea of nolo contendere to one count of witness tampering. Judge Weatherby entered an "Order of Probation" withholding adjudication of guilt, placing Petitioner on three years' probation with a special condition of six months in the county jail. Under 29 U.S.C. § 504, Petitioner is prohibited from serving in an official capacity in his labor union for thirteen years after the date of this adjudication. The relevant portion of § 504 prohibits any person "convicted" of a crime from serving a labor union as an officer or in any representative capacity. Petitioner argues his plea does not qualify as a "conviction" under § 504 and thus he should be exempt from the prohibition. Petitioner seeks to run for several official union positions.

As a threshold matter, the Court must decide whether to apply federal or state law. The Eleventh Circuit has held ". . . federal law generally determines whether [a state] offense constitutes a prior conviction;" an exception exists where the federal statute at issue specifies which jurisdiction's law should control the "conviction" analysis. United States v. Maupin, 520 F.3d 1304, 1307 (11th Cir. 2008). Section 504 does not specify a controlling jurisdiction; therefore the Court will apply federal law.

While there are few cases on point, courts addressing the issue have held that a nolo plea with adjudication withheld is a "conviction" under § 504. See McKinney v. Moore, 2007 WL 1149253, *3 (S.D.N.Y. 2007) (observing that courts read "conviction" broadly in the context of § 504 and concluding a nolo plea is a "conviction" under § 504(a)); Int'l Longshoremen's Ass'n v. United States, 451 F.Supp. 865, 688 (S.D. Ala. 1978) (holding a nolo plea to embezzlement is a "conviction" under § 504). See also Henry v. Chao, 2007 WL 1040856 (W.D. Tex. 2007). Petitioner has cited no case, and the Court has found none, holding to the contrary. Petitioner's nolo plea to one count of witness tampering is within the realm of crimes included in § 504 and thus constitutes a "conviction."[1]

Accordingly, it is hereby

**ORDERED**:

1. As contemplated by § 504, the case shall proceed to an exemption hearing on whether Petitioner has been "rehabilitated." The hearing will be held on **October 21, 2008** at **9:30 a.m** in Courtroom 10B. No later than **August 14, 2008**, Respondent shall

---

[1] Although "witness tampering" is not specifically listed in § 504, "bribery" is, and Petitioner has not seriously contended that witness tampering is not a qualified crime.

2

file with the Court a proposed Notice of Hearing to interested parties, along with a list of those to be noticed, as required under § 504.  Each party may depose one witness prior to the hearing.  The parties shall exchange witness and exhibit lists no later than **October 1, 2008.**

    2. At the July 25 hearing, the Court questioned what evidentiary standards should apply at the exemption hearing.  After further research, the Court adopts Henry and concludes it "should follow the procedures applicable to the resolution of disputed factors at sentencing."  Henry at *3.  "In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."  U.S.S.G. § 6A1.3(a).  "Petitioner 'has the burden of clearly showing that he has been rehabilitated.'"  Henry at *3 (quoting Local Union 705 v. U.S. Dept. of Labor, 2003 WL 22836375, *2 (N.D. Ill. 2003)).  "He may offer live testimony, affidavits, or both."  Id.  If either party believes the procedure to be otherwise, that party shall file with the Court an explanatory brief, no later than **October 1, 2008**.

    **DONE AND ORDERED** at Jacksonville, Florida this 28th day of July, 2008.

                                                    TIMOTHY J. CORRIGAN
                                                    United States District Judge

k.
Copies:
counsel of record